UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADRIAN PLESHA,

        Plaintiff,

   v.

JAMES FERGUSON, *et al.*,

        Defendants.

Civil Action No. 09-1737 (CKK)

**MEMORANDUM OPINION**
(July 27, 2010)

Plaintiff Adrian Plesha, a lobbyist, filed this action seeking compensation for services rendered to Defendants James Ferguson, J.G. Ferguson & Associates, LLC, and Jim G. Ferguson, Inc. Plaintiff asserts claims for breach of written contract, detrimental reliance/promissory estoppel/unjust enrichment, quantum meruit, and fraud. Presently pending before the Court is a Partial Motion to Dismiss filed by Defendants James Ferguson and J. G. Ferguson & Associates LLC.[1] For the reasons explained below, the Court shall GRANT Defendants' [3] Partial Motion to Dismiss.

**I. BACKGROUND**

Plaintiff Adrian Plesha is a citizen of Florida and works as a lobbyist facilitating communications between his clients, private parties, and government officials. Compl. ¶ 4. Defendant James Ferguson is a citizen of Texas, *id.* ¶ 5, and is the manager of Defendant J.G.

---

[1] Defendant Jim G. Ferguson, Inc. has not been served and has not entered an appearance in this action.

Ferguson & Associates, LLC, which is a Texas limited liability company, Compl. ¶¶ 5-6; Def.'s Partial Mot. to Dismiss 2. Defendant Jim G. Ferguson, Inc. is an Illinois corporation. *Id.* ¶ 7. Each of these defendants acts as an agent for the others. *Id.* ¶ 8.

According to the Complaint, on or about February 27, 2007, Plesha entered into a written contract with Defendants to provide lobbying services regarding FY 2007 and FY 2008 Department of Defense appropriations that Defendants wished to obtain. *See* Compl., Ex. A ("Agreement for Professional Services") ¶ 1; Compl. ¶ 9. The contract shows that Defendants agreed to pay Plesha $240,000 in fees for the first year of services plus reimbursement of expenses beginning March 1, 2007, with an automatic renewal on a month-to-month basis for a second year, ending on February 28, 2009. *See* Compl., Ex. A ¶¶ 2-5; Compl. ¶¶ 10, 12. Plesha alleges he performed the services under the contract, securing a $1.6 million appropriation for Defendants and a $2.4 million appropriation for Defendants' client. Compl. ¶ 15. Plesha alleges that Defendants ratified the contract in writing and continued to request Plesha's services and incur related expenses at various times during the contractual period. *Id.* ¶¶ 12-13. Plesha alleges that beginning in approximately April 1, 2007, Defendants failed to make timely payments under the contract and that the total amount of compensation owed under the contract has not been paid in full. *Id.* ¶ 16. The contract has a clause stating that the agreement shall be governed by the laws of the District of Columbia and that venue for any litigation arising from the contract shall lie in the District of Columbia. *See id.*, Ex. A ¶ 9.

Plesha filed the Complaint in this action on June 24, 2009, in the United States District Court for the Western District of Texas. *See* Complaint, *Plesha v. Ferguson*, No. 5:09-cv-514-OLG (W.D. Tex. filed June 24, 2009). On August 19, 2009, that court transferred the case to this

Court pursuant to 28 U.S.C. § 1406(a). *See* Order Transferring Case, *Plesha v. Ferguson*, No. 5:09-cv-514-OLG (W.D. Tex. Aug. 19, 2009). In the complaint, Plesha asserts four causes of action: (1) breach of written contract, (2) detrimental reliance/promissory estoppel/unjust enrichment, (3) quantum meruit, and (4) fraud. *See generally* Compl. Plaintiff seeks $262,500 in damages, pre- and post-judgment interest, attorney's fees, court costs, and any additional relief. *Id.* ¶ 7. With respect to the breach of contract claim, Plesha alleges that Defendants defaulted in making required payments to Plesha on or about March 1, 2008, and that this was a material breach of the contract. *Id.* ¶ 18. With respect to his second cause of action, Plesha claims that he acted in reliance to his detriment upon Defendants' requests to continue to work for them. *Id.* ¶ 25. With respect to his claim for quantum meruit, Plesha alleges that he has provided services to Defendants with a reasonable value exceeding $240,000 for which he has not been compensated. *Id.* ¶ 28. With respect to his claim for fraud, Plesha alleges that Defendants made multiple false representations that they wished Plesha to perform lobbying services for compensation, which Plesha believed to be true and relied on to his detriment. *Id.* ¶¶ 31-38.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, to provide the

"grounds" of "entitle[ment] to relief," a plaintiff must furnish "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. *In re United Mine Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). However, as the Supreme Court recently made clear, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1950. Where the well-pleaded facts set forth in the complaint do not permit a court, drawing on its judicial experience and common sense, to infer more than the "mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.* at 1950. In evaluating a motion to dismiss under Rule 12(b)(6), the Court is limited to considering the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See EEOC v.*

*St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *see also Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.")

### III. DISCUSSION

Defendants James Ferguson and J.G. Ferguson & Associates, LLC have filed a partial motion to dismiss, seeking dismissal of Plesha's claims for detrimental reliance/promissory estoppel/unjust enrichment, quantum meruit, and fraud. Defendants argue that because Plesha has stated a claim for breach of a written contract, he cannot pursue these alternative theories of relief. Importantly, although they have not yet answered the Complaint, Defendants do not disavow that a written contract governs this action. Plesha contends that these three causes of action are asserted in the alternative and thus should not be dismissed. *See generally* Pl.'s Resp. to Defs.' Partial Mot. to Dismiss. The Court shall analyze each cause of action in turn.

    *A.    Plesha's Claims for Detrimental Reliance/Promissory Estoppel/Unjust Enrichment and Quantum Meruit*

Plesha's second and third causes of action are described in the Complaint as "Detrimental Reliance / Promissory Estoppel / Unjust Enrichment" and "Quantum Meruit," respectively. The District of Columbia[2] recognizes causes of action for unjust enrichment and quantum meruit as implied contract claims in which there is no express contract between the parties but contractual

---

[2] Defendants have assumed that District of Columbia law governs this action, an assumption that Plesha has not challenged. Because litigants may waive choice-of-law issues, the Court need not challenge that assumption. *Davis v. Grant Park Nursing Home LP*, 639 F. Supp. 2d 60, 65 (D.D.C. 2009).

obligations are implied, either in fact (quantum meruit) or in law (unjust enrichment). *See United States ex rel. Modern Elec., Inc. v. Ideal Elec. Sec. Co.*, 81 F.3d 240, 246-47 (D.C. Cir. 1996) (explaining differences between quantum meruit and unjust enrichment causes of action).[3] A party asserting a quantum meruit claim must demonstrate that the parties' conduct implied the existence of a contractual relationship by establishing: (1) valuable services rendered by the plaintiff, (2) for the person for whom recovery is sought; (3) which services were accepted and enjoyed by that person, and (4) under circumstances which reasonably notified the person that the plaintiff, in performing such services, expected to be paid. *Id.*; *Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co.*, 870 A.2d 58, 62 (D.C. 2005). By contrast, a party asserting a claim for unjust enrichment must show that: "(1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." *News World Commc'ns, Inc. v. Thompsen*, 878 A.2d 1218, 1222 (D.C. 2005). Promissory estoppel is a distinct claim that provides a party with a remedy to enforce a promise where the requirements of a contract (such as consideration) have not been satisfied. *Vila v. Inter-Am. Inv. Corp.*, 570 F.3d 274, 279 (D.C. Cir. 2009).[4] "In order to find a party liable on a theory of promissory estoppel, there must be evidence of a promise, the promise must reasonably induce reliance upon it, and the promise must be relied upon to the detriment of the promisee." *Simard v. Resolution Trust Corp.*, 639 A.2d 540, 552 (D.C. 1994).

---

[3] Courts have also used the terms "implied-in-fact" and "quasi-contract" to refer to these legal concepts. *See Ideal Elec. Sec. Co.*, 81 F.3d at 246-47; *Bloomgarden v. Coyer*, 479 F.2d 201, 208-12 (D.C. Cir. 1973).

[4] The Court construes Plesha's "detrimental reliance" claim as one for promissory estoppel because detrimental reliance is an element of a promissory estoppel claim. *See Bender v. Design Store Corp.*, 404 A.2d 194, 196 (D.C. 1979).

Because both promissory estoppel and unjust enrichment presuppose that an express, enforceable contract is absent, District of Columbia courts generally prohibit litigants from asserting these claims when there is an express contract that governs the parties' conduct. *See Vila*, 570 F.3d at 279 ("Underscoring the nature of promissory estoppel and unjust enrichment as remedies for failed agreements, courts tend not to allow either action to proceed in the presence of an actual contract between the parties."); *Bloomgarden v. Coyer*, 479 F.2d at 210 (D.C. Cir. 1973) ("There is, of course, no need to resort to [a quasi-contract] when the evidence sustains the existence of a true contract, either express or implied in fact.") "One who has entered into a valid contract cannot be heard to complain that the contract is unjust, or that it unjustly enriches the party with whom he or she has reached agreement." *Jordan Keys & Jessamy*, 870 A.2d at 64; *see also Schiff v. Am. Ass'n of Retired Pers.*, 697 A.2d 1193, 1194 (D.C. 1997) ("[T]here can be no claim for unjust enrichment when an express contract exists between the parties."); *see also Building Servs. Co. v. Nat'l R.R. Passenger Corp.*, 305 F. Supp. 2d 85, 95-96 (D.D.C. 2004) (citing cases holding that promissory estoppel may not be asserted where there is an enforceable contract). Claims for quantum meruit are also unavailable when there is an actual contract between the parties because there is no need to consider whether the parties' conduct implies a contractual relationship. *See Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 104 (D.D.C. 2006); *Dale Denton Real Estate, Inc. v. Fitzgerald*, 635 A.2d 925, 928 (D.C. 1993) ("There is no need to resort to a quasi-contract claim based on *quantum meruit* if a true contract was in existence at the time the services were performed.")

The allegations in the Complaint pertaining to Plesha's second and third causes of action clearly involve promises contained in an express written contract. Therefore, District of

Columbia law requires that Plesha recover under a breach of contract theory. Plesha argues that he should be permitted to plead these theories as an alternative to his breach of contract claim, in the event that the finder of fact concludes that no contractual relationship exists between the parties. Some courts in this District have permitted parties to plead claims for unjust enrichment in the alternative. *See, e.g.*, *McWilliams Ballard, Inc. v. Broadway Mgmt. Co.*, 636 F. Supp. 2d 1, 9 n.10 (D.D.C. 2009); *Nevius v. Africa Inland Mission Int'l*, 511 F. Supp. 2d 114, 122 n.6 (D.D.C. 2007). However, the Court notes that Plesha has attached a copy of the parties' agreement to his Complaint, and Defendants do not dispute the existence of a contract. *See* Defs.' Reply at 1 ("Plaintiff has been paid in full (over $240,000) pursuant to the parties' contract. That contract, discovery will show, was terminated in writing pursuant to its terms.") Therefore, the Court shall dismiss Plesha's claims for detrimental reliance/promissory estoppel/unjust enrichment and quantum meruit.

### B.   Fraud

Plesha's fourth cause of action is for fraud based on Defendants' alleged misrepresentations about wanting Plesha to perform lobbying services on their behalf. To state a claim for fraud under District of Columbia law, a plaintiff must allege "(1) a false representation (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Bennett v. Kiggins*, 377 A.2d 57, 59 (D.C. 1977). Pursuant to Federal Rule of Civil Procedure 9(b), a plaintiff must plead fraud with particularity. Thus, "the pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up as a consequence of the fraud." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994) (quotation

marks and citation omitted). In addition, District of Columbia law requires that the factual basis for a fraud claim be separate from any breach of contract claim that may be asserted. *See Choharis v. State Farm Fire & Cas. Co.*, 961 A.2d 1080, 1089 (D.C. 2008) ("[T]he tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship.") "[C]onduct occurring during the course of a contract dispute may be the subject of a fraudulent or negligent misrepresentation claim when there are facts separable from the terms of the contract upon which the tort may independently rest and when there is a duty independent of that arising out of the contract itself, so that an action for breach of contract would reach none of the damages suffered by the tort." *Id.*

Plesha's fraud claim arises out of the same alleged conduct by Defendants—late payments and promises to pay—that provides the basis for his breach of contract claim. Therefore, his fraud claim cannot stand independent of his breach of contract claim. *See Choharis*, 961 A.2d at 1089 ("[E]ven a 'willful, wanton or malicious' breach of contract to pay money cannot support a claim of fraud.") Even if Plesha had asserted an independent fraud claim, however, his Complaint fails to satisfy the heightened pleading requirements of Rule 9(b) because it does not identify with particularity what representations were made and under what circumstances. Rather, Plesha generally claims that "Defendants made multiple representations of material fact" during an over two-year period. *See* Compl. ¶ 31. Therefore, Plesha's claim for fraud shall be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendants James Ferguson and J.G.

Ferguson & Associates, LLC's [3] Partial Motion to Dismiss Plaintiff's second, third, and fourth causes of action from the Complaint. The Court shall dismiss Plaintiff's claims for detrimental reliance/promissory estoppel/unjust enrichment, quantum meruit, and fraud from the Complaint. An appropriate Order accompanies this Memorandum Opinion.

                                              /s/
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge