# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ADRIAN PLESHA,

    Plaintiff,

v.

JAMES FERGUSON, *et al.*,

    Defendants.

Civil Action No. 09-1737 (CKK)

# MEMORANDUM OPINION
(January 20, 2011)

Plaintiff Adrian Plesha ("Plesha"), a lobbyist, filed this action seeking compensation for services rendered to Defendants James Ferguson, J.G. Ferguson & Associates, LLC, and Jim G. Ferguson, Inc. Plesha's sole remaining claim is for breach of written contract.[1] Presently pending before the Court is Defendant Jim G. Ferguson, Inc.'s [26] Motion to Dismiss for Lack of Personal Jurisdiction. The Court set a discovery schedule on August 30, 2010. However, on October 19, 2010, the Court granted the parties' consent motion to stay discovery pending the resolution of the motion to dismiss. For the reasons explained below, the Court shall deny without prejudice Defendant Jim G. Ferguson, Inc.'s motion to dismiss for lack of personal jurisdiction.

---

[1] On July 27, 2010, the Court dismissed Plesha's other three claims for relief. *See Plesha v. Ferguson*, 725 F. Supp. 2d 106 (D.D.C. 2010).

# I. BACKGROUND

Plaintiff Adrian Plesha is a lobbyist whose principal place of business is in Washington, D.C. *See* Aff. of Adrian Plesha in Supp. of Opp'n to Mot. to Dismiss ("Plesha Aff.") ¶ 2. Defendant Jim G. Ferguson, Inc. ("Ferguson Inc.") is an Illinois corporation that is wholly owned by its president, James G. Ferguson III ("Ferguson III"). *See* Aff. in Supp. of Jim G. Ferguson Inc.'s Mot. to Dismiss ("Ferguson Aff.") ¶¶ 2-3; Plesha Aff. ¶ 5. Ferguson III's son, Defendant James Ferguson ("Ferguson IV"), owns and operates Defendant J.G. Ferguson & Associates, LLC ("Ferguson LLC"). Ferguson Aff. ¶ 6; Plesha Aff. ¶ 4.

On February 28, 2007, Plesha signed a contract with Ferguson LLC[2] to provide professional services relating to the FY 2007 and FY 2008 Department of Defense Appropriations bills. *See* Compl., Ex. A ("Agreement for Professional Services"). Specifically, Plesha was engaged:

> a) to continue providing services regarding the Sphericall technology program within the Army Reserve appropriated within the FY 2007 Defense Appropriations Bill.
>
> b) to assist with initiating a research, development, testing and evaluation program for development of the Jim G. Ferguson, Inc. cargo airship program in the FY 2008 Defense Appropriations Bill.

Compl., Ex. A ¶ 1. Ferguson Inc. was not a party to the written contract. However, Plesha claims that Ferguson LLC was acting as the agent of Ferguson Inc. *See* Compl. ¶ 40; Plesha Aff. ¶ 6.

Under the contract, Ferguson LLC agreed to pay Plesha $240,000 in fees plus reimbursement of expenses for the first year of services beginning March 1, 2007, with an

---

[2] The contract identifies the contracting party as "James Ferguson - Manager, J.G. Ferguson and Associates, LLC." *See* Compl., Ex. A.

automatic renewal on a month-to-month basis for a second year ending on February 28, 2009. *See* Compl., Ex. A ¶¶ 2-5; Compl. ¶¶ 10, 12. Plesha alleges that he performed the services under the contract, securing a $1.6 million appropriation and a $2.4 million appropriation. Compl. ¶ 15. Plesha alleges that Ferguson LLC ratified the contract in writing and continued to request Plesha's services and incur related expenses at various times during the contractual period. *Id.* ¶¶ 12-13. Plesha alleges that beginning on approximately April 1, 2007, Ferguson LLC failed to make timely payments under the contract and that the total amount of compensation owed under the contract has not been paid in full. *Id.* ¶ 16. Plesha contends that this failure to pay constituted a material breach of the contract. *Id.* ¶ 18. Plesha seeks $262,500 in damages, pre- and post-judgment interest, attorney's fees, court costs, and any additional relief.

## II. LEGAL STANDARD

Defendant Jim G. Ferguson, Inc. has filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The plaintiff bears the burden of establishing a factual basis for asserting personal jurisdiction over a defendant. *See Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). "[T]he general rule is that a plaintiff must make a prima facie showing of the pertinent jurisdictional facts." *First Chi. Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). "To make such a showing, the plaintiff is not required to adduce evidence that meets the standards of admissibility reserved for summary judgment and trial; rather, she may rest her arguments on the pleadings, 'bolstered by such affidavits and other written materials as [she] can otherwise obtain.'" *Urban Inst. v. FINCON Servs.*, 681 F. Supp. 2d 41, 44 (D.D.C. 2010) (quoting *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)) (alteration in original). However, the plaintiff "cannot rest on bare allegations or

conclusory statements and must allege specific facts connecting each defendant with the forum." *GTE New Media Servs., Inc. v. Ameritech Corp.*, 21 F. Supp. 2d 27, 36 (D.D.C. 1998); *see also Second Amendment Found. v. U.S. Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001) (same). The Court need not treat all of a plaintiff's allegations as true; rather, the Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 6 (D.D.C. 2009) (citation omitted). However, any factual discrepancies with regard to the existence of personal jurisdiction must be resolved in favor of the plaintiff. *Helmer v. Doletskaya*, 393 F.3d 201, 209 (D.C. Cir. 2004); *Crane*, 894 F.2d at 456.

### III. DISCUSSION

Ferguson Inc. moves to dismiss the claim against it for lack of personal jurisdiction, arguing that it has no contacts with the District of Columbia. The parties agree that jurisdiction, if it exists, must be based on D.C. Code § 13-423(a)(1), which enables D.C. courts to "exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." D.C. Code § 13-423(a)(1). D.C. courts have held that jurisdiction exists under this section when a party contracts with a professional to perform services in the District of Columbia. *See Digital Broadcast Corp. v. Rosenman & Colin, LLP*, 847 A.2d 384, 390-91 (D.C. 2004); *Fisher v. Bander*, 519 A.2d 162, 163-65 (D.C. 1986). Therefore, the parties' dispute revolves around whether Ferguson Inc. can be considered to have transacted business through Ferguson LLC's contract with Plesha.

Plesha contends that Ferguson Inc. is liable for the contract because Ferguson LLC was

-4-

acting as Ferguson Inc.'s agent. Whether or not an agency relationship was disclosed to Plesha, Ferguson Inc. will be liable for the contract if Ferguson LLC was authorized to enter into the agreement on Ferguson Inc.'s behalf. *See* Restatement (Second) of Agency § 149 ("A disclosed or partially disclosed principal is subject to liability upon an authorized contract in writing . . . although it purports to be the contract of the agent, unless the principal is excluded as a party by the terms of the instrument or by the agreement of the parties."); *Cooper v. Epstein*, 308 A.2d 781, 783 (D.C. 1973) ("It is well settled that, absent some special exception, an undisclosed principal may sue and be sued on a contract made by his agent.").[3] Because the long-arm statute explicitly authorizes jurisdiction based on the actions of an agent, the Court may exercise jurisdiction over Ferguson Inc. if Plesha can establish that Ferguson LLC was acting as its agent.

Plesha alleges in his complaint that Ferguson LLC was the agent, servant, and employee of Ferguson Inc. at all times relevant to this action. *See* Compl. ¶ 40. In his affidavit opposing Ferguson Inc.'s motion to dismiss, Plesha reaffirms his belief that Ferguson LLC was acting as Ferguson Inc.'s agent. *See* Plesha Aff. ¶ 6. In support of these bare allegations, Plesha avers that he was hired to secure funding for the development of military airship technology, which both Ferguson III and Ferguson IV told him was owned by Ferguson Inc. *Id.* ¶¶ 3, 7. Plesha has also produced copies of forms signed by Ferguson III (and sent to Plesha) specifically requesting appropriations from Congress. *See id.* ¶¶ 8-9 & Ex. B. In addition, Plesha avers that he spoke with Ferguson III over the phone on numerous occasions and received directions from Ferguson III regarding what he thought needed to be done to secure funding for the airship technology. *Id.*

---

[3] Although the contract contains a non-assignment clause, the existence of such a clause merely creates a factual question about whether the parties intended to exclude the principal from liability. *Cooper*, 308 A.2d at 783.

¶ 13. Plesha has produced emails evidencing communications between himself, Ferguson III, and Ferguson IV regarding the contract. *Id.* ¶ 14 & Ex. D. Ferguson III generally disputes these assertions, averring in his own affidavit that neither Ferguson IV nor Ferguson LLC are agents, servants, or employees of Ferguson Inc. *See* Ferguson Aff. ¶¶ 5-6.

Whether an agency relationship exists is a question of fact for which the person asserting it carries the burden of proof. *Railan v. Katyal*, 766 A.2d 998, 1010 (D.C. 2001). There is some degree of uncertainty within this district over exactly how much evidence a plaintiff must produce to meet his burden of establishing personal jurisdiction. *See Heller v. Nicholas Applegate Capital Mgmt., LLC*, 498 F. Supp. 2d 100, 107-08 (D.D.C. 2007) (discussing different standards applied); *In re Baan Co. Sec. Litig.*, 245 F. Supp. 2d 117, 123-25 (analyzing cases). The Court need not directly address that issue, however, because Plesha has not yet had an opportunity to take discovery to establish the existence of an agency relationship, and he has requested such an opportunity. The Court cannot dismiss a plaintiff's claims against a defendant for lack of personal jurisdiction without affording him an opportunity to develop facts supporting jurisdiction through appropriate discovery. *See Crane*, 814 F.2d at 760 & n.2; *Diamond Chem. Co. v. Atofina Chems., Inc.*, 268 F. Supp. 2d 1, 15 (D.D.C. 2003) ("This Circuit's standard for permitting jurisdictional discovery is quite liberal.") Accordingly, the Court shall deny Ferguson Inc.'s motion without prejudice and allow it to reassert its defense after discovery has been completed.

### IV. CONCLUSION

For the foregoing reasons, the Court shall DENY WITHOUT PREJUDICE Defendant Jim G. Ferguson, Inc.'s [26] Motion to Dismiss for Lack of Personal Jurisdiction. Ferguson Inc.

may reassert its jurisdictional objections after Plesha has had an opportunity to obtain discovery relevant to this issue. An appropriate Order accompanies this Memorandum Opinion.


                                                                  /s/
                                              COLLEEN KOLLAR-KOTELLY
                                              United States District Judge